FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL ALCALAN,<br><br>Defendant. | NO: 1:16-CR-2064-RMP-1<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(COMPASSIONATE RELEASE) |

Upon motion of Defendant Samuel Alcalan for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court finds that compassionate release is not supported by the facts of this case.

Defendant previously had requested compassionate release from the warden at his facility, ECF No. 52 at 14, 53-1, more than thirty days prior to Defendant's motion in this court. ECF No. 52.

Defendant represents that compassionate release is justified because Mr. Alcalan has served almost 42 months of his 72 month sentence, which equates to almost 73% of his sentence with the calculation of good time.  ECF No. 52 at 15.  In addition, Mr. Alcalan argues that he has a history of asthma and chronic kidney issues that make him more susceptible to high risk problems if he contracts COVID-19.  *Id.* at 18.  Mr. Alcalan claims that he has a release address where he will have a stable living environment with his longtime girlfriend.  *Id.* at 17.  Mr. Alcalan represents that he already has contracted the virus once and that he is concerned that he will suffer serious health risks if he were to contract the disease again within the confines of Lompoc, the federal facility where he is housed.  *Id.* at 30.  Mr. Alcalan cites to various studies and general health concerns about the risk of spreading the virus among the Bureau of Prisons' incarcerated populations.  *Id.* at 28-30.

The Government argues that Mr. Alcalan has made no argument that he would be physically safer in Yakima, Washington, where the infection rate currently is higher than at Lompoc FCI, if he were released.  ECF No. 59 at 11.  The Government also disputes that Defendant is an appropriate candidate for compassionate release because the Bureau of Prisons "has taken significant measures to protect the health of the inmates in its charge . . . ."  *Id.* 59 at 2.  Moreover, the Government argues that Mr. Alcalan's release plan involves placing Mr. Alcalan back with the same girlfriend who was with him and possibly involved during his underlying offense that involved substantial amounts of drugs as well as firearms.  *Id.* at 12.  The

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 2

Government urges the Court to consider the factors under 18 U.S.C. § 3553(a) and find that Mr. Alcalan is not a good candidate for compassionate release because the nature of his offense, involving multiple pounds of methamphetamine in conjunction with firearms that could hold 60 rounds of ammunition, support the finding that Mr. Alcalan presents a danger to society.  *Id.* at 3.

Federal Rule of Criminal Procedure 35 generally delineates the parameters of a district court's ability to modify a prison sentence once judgment is entered.  That provision offers no relief to Mr. Alcalan.  However, 18 U.S.C. § 3582(c)(1)(A) provides an opportunity for a reduced sentence if, after the Court considers the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

> (A) Medical Condition of the Defendant.—
>     (i)    The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
>     (ii)    The defendant is—
>         (I)    suffering from a serious physical or medical condition,

(II)   suffering from a serious functional or cognitive impairment, or

(III)  experiencing deteriorating physical or mental health because of the aging process,

that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances—

(i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13.

Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the United States Bureau of Prisons ("BOP").  Following enactment of the First Step Act, a federal prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals of the BOP's refusal to bring such a motion or after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. §

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 4

3582(c)(1)(A).  Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.[1]

Mr. Alcalan applied to the Warden at FCI Lompoc for compassionate release on June 10, 2020.  ECF No. 53-1.  Mr. Alcalan filed the current motion in this Court on September 16, 2020.  ECF No. 52.  Therefore, the Court finds that Mr. Alcalan's motion for compassionate release is timely and that this Court has jurisdiction to consider his motion.

The Court next turns to whether Mr. Alcalan has presented a basis to support that he has "extraordinary and compelling" circumstances that would justify compassionate release in light of both 18 U.S.C. § 3582(c) and 18 U.S.C. §3553(a), which the United States Sentencing Commission directs courts to consider.  U.S.S.G § 1B1.13.

The majority of Mr. Alcalan's argument concerns the general danger that COVID-19 creates, especially for those individuals incarcerated in prisons.  ECF No. 52.  However, as the Government notes, the threat presented by COVID-19 is not limited just to incarcerated populations, and the pandemic is being actively managed by the BOP within federal institutions in a responsible manner.  ECF No. 59.  The Court does not accept the existence of COVID-19 in a BOP facility as a basis for

---

[1] The Court takes judicial notice that as of the date of this order, there are an insufficient number of confirmed commissioners to comprise a quorum for purposes of amending the USSG.

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 5

releasing the inmates of that facility.  If the Court adopted that conclusion, then most, if not all, incarcerated individuals would need to be released, which the Court does not find practicable.

Mr. Alcalan currently is 37 years old, well below the 65 years of age that generally places individuals in the high-risk category for COVID-19.  Although Mr. Alcalan has provided documentation that he has suffered from some asthma and repeated kidney issues, there is no documentation that he has an otherwise life threatening condition that would place him in a high-risk category should he contract COVID-19.  Indeed, Mr. Alcalan represents that he already has contracted the disease once and successfully survived it.  At this time, there is insufficient medical evidence before the Court to support whether an individual can contract the disease a second time within a short period of time.  Therefore, arguably, Mr. Alcalan may be in a better situation than most individuals during the current pandemic, because he presumably has anti-bodies to the disease.

Moreover, the factors to be considered in imposing a sentence under 18 U.S.C. §3553(a) further weigh against compassionate release for Mr. Alcalan.  The Court finds that "the nature and circumstances of the offense and the history and characteristics of the defendant," in particular, argue against release.  18 U.S.C. §3553(a)(1).

Mr. Alcalan admitted to being involved in distributing pound quantities of methamphetamine.  Moreover, the nature of the crimes, including the drugs and

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 6

presence of firearms that had the capacity of holding many rounds of ammunition, inherently present a risk of danger to others in the community.  *See* 18 U.S.C. § 3142(g).  Therefore, the Court finds that the history and nature of Mr. Alcalan's underlying offense argue against his release.  *See* 18 U.S.C. § 3553(a)(2)(C).  The only factors weighing in favor of release are Mr. Alcalan's medical records that support some history of asthma and kidney issues.  Thus, the Court concludes that the evidence supporting § 3553 factors weigh against allowing Mr. Alcalan compassionate release under the circumstances presented in his motion.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, **ECF No. 52**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel and to the U.S. Probation Office.

**DATED** October 27, 2020.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
United States District Judge

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 7